UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CALEB R. STURGE, | Civil No. 07-499 (JRT/JJG) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS** |
| NORTHWEST AIRLINES, INC., | |
| Defendant. | |

Richard T. Wylie, **ATTORNEY AT LAW**, 701 Fourth Avenue South, Suite 500, Minneapolis, MN 55415, for plaintiff.

Timothy R. Thornton, Molly M. Borg, and Timothy G. Gelinske, **BRIGGS & MORGAN, P.A.**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for defendant.

Plaintiff Caleb R. Sturge was discharged by defendant Northwest Airlines ("NWA") for violating company drug policies. Following his termination, plaintiff filed two grievances related to post-employment benefits. Defendant has refused to arbitrate, and plaintiff filed this suit under the Railway Labor Act ("RLA") seeking to compel arbitration. Defendant now moves for judgment on the pleadings. For the reasons set forth below, the Court denies defendant's motion.

### BACKGROUND

Plaintiff, a pilot, was employed by defendant from 1989 until 2003. Plaintiff was a member of the Air Line Pilots Association ("ALPA"), the Union representing NWA pilots. Employment disputes arising between defendant and its pilots are governed by a

Collective Bargaining Agreement ("CBA") negotiated between defendant and the ALPA. This CBA provides for an adjustment board to arbitrate unresolved grievances, as mandated under the RLA. *See* 45 U.S.C. § 184.

On October 31, 2003, defendant terminated plaintiff after plaintiff allegedly possessed and used marijuana in violation of company policy. Plaintiff grieved his termination pursuant to the CBA, and defendant denied the grievance. The ALPA then requested that defendant convene the adjustment board to arbitrate the dispute. The adjustment board upheld the discharge on October 5, 2004, making plaintiff's termination final.

Following his termination, plaintiff applied for a disability pension, and on November 22, 2004, defendant approved this application. Defendant noted, however, that because plaintiff had been discharged for cause he was ineligible for two retirement benefits: (1) pass privileges for travel on NWA flights, and (2) the right to return to employment within seven years if he regained his health and could obtain a Federal Aviation Administration ("FAA") medical certificate. On March 22, 2005, plaintiff filed two grievances challenging the denial of these benefits and requested a hearing. Plaintiff filed these grievances individually, without the Union advocating on his behalf. Defendant did not respond to plaintiff's grievances, and the grievances were never submitted to arbitration.

Plaintiff asserts that defendant's refusal to arbitrate his grievances violates his rights under both the RLA and the CBA. Defendant now moves to dismiss plaintiff's

complaint, arguing that neither the RLA nor the CBA entitles plaintiff to arbitrate his claims without the support of the Union.

## ANALYSIS

**I.      STANDARD OF REVIEW**

Under Rule 12 of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint that fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(c).  In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true.  *Hamm v. Groose*, 15 F.3d 110, 112 (8th Cir. 1994); *Ossman v. Diana Corp.*, 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party.  *Ossman*, 825 F. Supp. at 880.  "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."  *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

Rule 8(a) of the Federal Rules of Civil Procedure requires that pleadings "contain a short and plain statement of the claim showing that the pleader is entitled to relief."  A pleading must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## II.     PLAINTIFF'S INDIVIDUAL RIGHT TO COMPEL ARBITRATION

Plaintiff argues that defendant breached the CBA by failing to grant him pass privileges and the right to reinstatement, and violated his rights under both the RLA and the CBA by refusing to arbitrate his grievances of these decisions. Defendant responds that neither the RLA nor the CBA entitled plaintiff to arbitration without the support of the Union, leaving plaintiff's claims inadequate as a matter of law.

### A.     Individual Statutory Right to Arbitration Under the RLA

Plaintiff's argument that the RLA provides him with a statutory right to pursue arbitration individually can be addressed quickly. As defendant points out, the Eighth Circuit squarely rejected this argument in *Martin v. Am. Airlines, Inc.*, 390 F.3d 601, 608-09 (8th Cir. 2004) ("[P]laintiff contends that the RLA provides airline employees with a statutory right to pursue arbitration individually before an airline's system board of adjustment. We disagree."). However, the *Martin* decision only forecloses the argument that the individual right to arbitration is guaranteed by the RLA; *Martin* explicitly declined to decide what the result would be if that right were guaranteed under the terms of the CBA. *See* 390 F.3d at 608 n.4 (noting that the plaintiff had failed to raise this argument until his reply brief). Plaintiff makes that argument here,[1] and the Court turns to that contention below.

---

[1] Defendant suggests in a footnote in its reply brief that plaintiff's complaint alleges only a breach of the RLA, and does not specifically allege a breach of contract. However, the complaint alleges that the next step available to plaintiff under the CBA was arbitration, that defendant has refused to arbitrate, and that this refusal violated the RLA. In the context of a

(Footnote continued on next page.)

### B.   Individual Right to Arbitration Under the CBA

In addressing plaintiff's CBA-based argument, it will be useful to first set out the manner in which the RLA impacts claims arising under airline collective bargaining agreements.  A dispute over the meaning of such a collective bargaining agreement "in a particular fact situation" is termed a "minor dispute." *Bd. of R.R. Trainmen v. Chicago R. & I.R. Co.*, 353 U.S. 30, 33 (1957); *see Smith v. Am. Airlines, Inc.*, 414 F.3d 949, 952 (8th Cir. 2005).  "Under the RLA, minor disputes are subject to mandatory arbitration before an adjustment board which has primary jurisdiction to construe the collective bargaining agreement." *Smith*, 414 F.3d at 952.  Thus, where an employee asserts a federal claim under the RLA for breach of the collective bargaining agreement, the general rule is that a court will not hear the employee's claim unless he or she has first exhausted this claim before the adjustment board. *Smith*, 414 F.3d at 952 & n.4.

Here, it is undisputed that plaintiff's post-employment grievances have not been arbitrated before the adjustment board.  As indicated above, this is because defendant has consistently maintained that the CBA does not entitle plaintiff to arbitrate without the support of the Union.  Nonetheless, defendant argues that any dispute over this position is

---

(Footnote continued.)

Rule 12 motion, when "the court must resolve any ambiguities concerning the sufficiency of the plaintiffs' claims in favor of the plaintiffs," *Ossman*, 825 F. Supp. at 880, this was sufficient to state a claim alleging the breach of a contractual duty to arbitrate.  Moreover, defendant addressed this argument in its brief.  *See* Defendant's Memorandum of Law in Support of its Motion for Judgment on the Pleadings, at 1 ("[N]either the RLA *nor the union contract* entitles [plaintiff] to . . . arbitration.") (emphasis added); *id.* at 8 ("The complaint alleges that [defendant] failed to comply with the RLA *and CBA* obligations.") (emphasis added).  These references suggest that defendant received adequate notice that the CBA-based claim was included in plaintiff's complaint.

a "minor dispute" in the parlance of the RLA, because it requires analysis of the terms of the CBA, and that plaintiff's suit should therefore be dismissed for his failure to satisfy the RLA's exhaustion requirement.[2]

Plaintiff responds that his claims qualify under an exception to the exhaustion requirement. The Supreme Court has indicated that employees may be excused from exhausting the adjustment board remedy "when the conduct of the employer amounts to a repudiation of [CBA] procedures." *Vaca v. Sipes*, 386 U.S. 171, 185 (1967). Plaintiff contends that defendant has done so here, by ignoring a grievance it is contractually bound to arbitrate.

The Eighth Circuit explained the application of the exhaustion requirement and repudiation exception in a similar context in *Smith v. American Airlines, Inc*. 414 F.3d 949. There, an airline pilot brought a grievance against an airline, and a dispute emerged over whether the pilot was entitled to invoke arbitration under the CBA. *Id.* at 950-53. The pilot argued that the repudiation exception applied, because the airline had refused to recognize her right to arbitrate. However, the *Smith* pilot did not request the court to compel arbitration; instead she asked the court to adjudicate her grievance on the merits.

The Eighth Circuit rejected the plaintiff's request, stating that "[w]here all an employee shows is the need for judicial help in compelling arbitration, the repudiation

---

[2] Defendant actually contends that Sturge's dispute is "preempted." However, "when the employee asserts a *federal* claim under the RLA for breach of the collective bargaining agreement, as [plaintiff] does in this case, the question is not preemption but whether the claim is barred by the failure to exhaust the contractual adjustment board remedy as construed by the Supreme Court." *Smith*, 414 F.3d at 952 n.4.

exception does not apply. A federal court may compel arbitration at the employee's (or the union's) request, but it may not intrude upon the adjustment board's authority by deciding the merits of the collective bargaining dispute." *Id*. at 953. Because the plaintiff had not sought to compel arbitration, her case was dismissed. However, the court gave firm indication that this result would have been different had the plaintiff done so. The court instructed:

> The result of this impasse was a classic dispute over "arbitrability," that is, the question whether [the airline] and [the Union] agreed in the transition agreement to submit this type of disagreement to the adjustment board. The way to resolve such disputes is by a suit to compel arbitration. In RLA cases, arbitrability determines the adjustment board's jurisdiction and is therefore a question for the court.

*Id*. (citation omitted).

Here, the repudiation exception is not relevant to plaintiff's claim for the reasons outlined in *Smith*, and if plaintiff had asked this Court to adjudicate his grievances on the merits, it could not have done so. *See id.* at 953; *Bowe v. Nw. Airlines, Inc.*, 974 F.2d 101, 103-04 (8th Cir. 1992) (dismissing employee's claim for disability benefits for lack of subject matter jurisdiction). However, unlike in *Smith*, the plaintiff here has not asked this Court to adjudicate his grievances on the merits; instead he has merely asked this Court to compel arbitration. This is the request that *Smith* clearly called a "question for the court," in spite of the fact that there, as here, the plaintiff had been prevented from exhausting the adjustment board remedy by the employer's refusal to arbitrate. 414 F.3d at 953. *Smith*'s conclusion is consistent with both Supreme Court precedent and a case decided by this Court less than a year ago. *See AT&T Techs., Inc. v. Commc'ns Workers*

*of Am.*, 475 U.S. 643, 649 (1986) ("[T]he question of arbitrability – whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance – is undeniably an issue for judicial determination."); *Air Line Pilots Ass'n, Int'l v. Champion Air, Inc.*, No. 06-2467, 2007 WL 1229385, at *5 (D. Minn. Apr. 27, 2007) (noting in an RLA case concerning CBA language that "[t]here is no dispute that this Court has the power to determine if a grievance is arbitrable"). Accordingly, this Court must conclude that it too has the power to hear plaintiff's request to compel arbitration.

### C.   Defendant's Compliance with the CBA

Finally, defendant argues that even if this Court has jurisdiction to compel arbitration, it should not do so, because defendant has already satisfied its responsibilities under the CBA. Defendant first contends that only pilots are permitted to submit grievances under the relevant CBA, and that when plaintiff submitted the grievances in question he was no longer a pilot (or an employee). Defendant argues in the alternative that one available method for handling grievances under the CBA is to simply ignore them. Defendant contends that it denied plaintiff's grievances in this manner, and that the only party with the power to appeal that denial was the ALPA. Defendant argues that when the ALPA failed to do so, its duties under the CBA were complete. Plaintiff disagrees with defendant's characterization of the CBA. In support of this argument, plaintiff points to the CBA's text, as well as a June 2002 Letter of Agreement between defendant and the Union, testimony submitted by defendant to the Department of Labor, and letters sent to pilots by the Union. Plaintiff contends that these materials demonstrate

that the CBA has consistently been interpreted and applied in a manner that would permit a retired pilot to individually pursue grievances to arbitration.

When materials outside the pleadings are presented with a motion to dismiss, district courts have discretion to either exclude the materials or treat the motion as one for summary judgment. Fed. R. Civ. P. 12(c). If the Court treats the motion as one for summary judgment, it must provide the parties with "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Id.* However, a court is free to consider extraneous materials that are "necessarily embraced" by the pleadings without converting the motion to one for summary judgment. *See Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co.*, 967 F. Supp. 1148, 1152 (D. Minn. 1997). Here, passages of the CBA are referenced throughout plaintiff's complaint, and the Court would be free to consider that agreement on a motion to dismiss. *See id.* (noting that courts may consider documents that complaints "incorporate by reference"). The additional materials cited by plaintiff, however, do not "merely reiterate what is said in the pleadings," and may not be considered without converting the motion into one for summary judgment. *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 948 (8th Cir. 1999).

Neither party has requested that this motion be converted to a summary judgment motion, and the Court cannot be certain that they have submitted all of the materials they believe are relevant to the proper construction of the CBA's arbitration provisions. Defendant in particular has limited its filings to documents that would have been permissible to consider in the context of a motion to dismiss, even after plaintiff submitted extraneous materials purporting to demonstrate the parties' understanding of

the agreement. In those circumstances, the Court finds it appropriate to abstain from converting the motion to one for summary judgment until the parties have had an opportunity to present the entirety of their evidence and fully address what is arbitrable under the CBA. Accordingly, the Court treats the motion as one for dismissal under Rule 12(c) and the motion is denied.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's Motion for Judgment on the Pleadings [Docket No. 12] is **DENIED**.

DATED: March 27, 2008            s/ John R. Tunheim  
at Minneapolis, Minnesota.            JOHN R. TUNHEIM  
                                                       United States District Judge